**Harold J. MOORE, Appellant,**

v.

**NIPPON YUSEN KAISHA, INC., and the STEAMSHIP SHIZUOKA MARU, Respondents.**

**No. 14848.**

United States Court of Appeals Third Circuit.

Argued Dec. 8, 1964.

Decided Feb. 5, 1965.

---

Jacob Rassner, New York City (Samuel M. Cole, Jersey City, N. J., on the brief), for appellant.

Herman D. Michels, Toner, Crowley, Woelper & Vanderbilt, Newark, N. J. (Edward R. Schwartz, Newark, N. J., on the brief), for appellees.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

GANEY, Circuit Judge.

The libellant-appellant, Harold J. Moore, was an employee of Universal Stevedoring Company and was an invitee on the respondent's vessel, S.S. *Shizuoka Maru*, which was lying berthed at Port Newark, New Jersey, on March 2, 1962, in order to discharge its cargo. The libellant, a clerk, boarded the vessel in order to ascertain from the first mate the details of the cargo, in order to determine its disposition when placed on the dock. He ascended a steel stairway, went to the main deck, walked out a carpeted area and went up a second stairway, from the main deck, to the first mate's cabin on the bridge deck. He secured the necessary information, and returned to the main deck by another stairway at the opposite end of the bridge, near an area where the cargo was being unloaded. As he came within three or so steps of the bottom of the stairway, he slipped and fell on the main deck, falling on his back and sustaining injuries consisting of a sprained back and laceration of the musculature in the area of the sacroiliac joint.

The libellant claimed that the respondent was negligent and that the vessel was unseaworthy by reason of the presence of grease on the steps where he fell and also by reason of the failure of the respondent to provide a handrail for the safe descent of the steps. This constituted all of the evidence which libellant gave at a pretrial conference on May 28, 1963.

At the trial of the case before the court without a jury, the libellant abandoned the contention that there was grease on the steps, which caused him to fall, and testified that the first mate had directed him down a stairway, which was not the same one he used to come up to the bridge deck to learn the details of the cargo's disposition from the first mate. Further, that while going down the steps, a rope or sling which had been used in unloading cargo, came within a few feet of him which caused him to dodge and by reason thereof, he fell on the main deck, sustaining the injuries adverted to above. It is to be noted that for the first time, which was at the trial, he told of being directed by the first mate to take the stairway which he used which he said was a hazardous one because it was without a railing and was an exit but was unsafe by reason of the unloading operation being there conducted. At the pretrial conference, the libellant did not allege that the first mate had directed him to use the stairway where he was allegedly injured, concerning which he testified at trial. The trial judge, however, did not strike this testimony but, in his findings of fact he rejected it as not credible. Moreover, there was testimony of grease being on the libellant's shoes after he fell, as testified to by one Paul Onufrak, a witness for the libellant, who said he examined libellant's shoes and found grease thereon. Nevertheless, it was testified to by the Master that there was no grease on the steps and, furthermore, that there was no greasy cargo aboard the ship. Later in the trial, since the libellant abandoned his original contention that there was grease on the steps which caused him to fall and so stated of record, one can only conclude that the grease on his shoes must have been picked up elsewhere and if it contributed, in any wise, to his fall,

the condition of the stairway itself could not be considered as a cause for his alleged fall.

The trial court found that the absence of a handrail in the circumstances here obtaining, was not a proximate cause of the injuries he allegedly received by way of unseaworthiness or of negligence since he did not sustain his burden of proof with respect to the construction of the stairway, its pitch with respect to the plane of the deck, or that any governmental regulations or recognized practice dictated a ladder or stairway of its particular type of construction and so located and having the characteristics it did, should be provided with a handrail. These findings of fact on the record certainly are not clearly erroneous and will not be disturbed on appeal. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); Brett v. J. M. Carras, Inc., 203 F.2d 451 (C.A. 3, 1953); Pennsylvania Railroad Company v. S.S. Marie Leonhardt, 320 F.2d 262 (C.A. 3, 1963).

Accordingly, the judgment of the lower court will be affirmed.